*Sinchi-Montalvan v. Garland*

BIA
Palmer, IJ
A202 070 694

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-four.

PRESENT:
    SUSAN L. CARNEY,
    RICHARD J. SULLIVAN,
    MYRNA PÉREZ,
        *Circuit Judges.*
_____

MANUEL FERNANDO SINCHI-MONTALVAN,
        *Petitioner,*

        v.                                              22-6400
                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:**    Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; Walter Bocchini, Senior Litigation Counsel; Taryn L. Arbeiter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manuel Fernando Sinchi-Montalvan, a native and citizen of Ecuador, seeks review of a July 25, 2022 decision of the BIA affirming a June 11, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manuel Fernando Sinchi-Montalvan*, No. A202 070 694 (B.I.A. July 25, 2022), *aff'g* No. A202 070 694 (Immigr. Ct. N.Y.C. June 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law and application of law to fact *de novo*.

2

*See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

I.   Asylum and Withholding of Removal

We deny the petition for asylum and withholding of removal because Sinchi-Montalvan has failed to challenge a dispositive basis for the denial of these forms of relief.

To establish eligibility for asylum, an applicant must prove that he "suffered past persecution . . . or . . . has a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). Similarly, an applicant for withholding of removal must establish either past persecution or that he will "more likely than not" be persecuted in the future. *Id*. § 1208.16(b)(1), (2).

The agency found that a single robbery and carjacking did not amount to past persecution, and that Sinchi-Montalvan failed to prove an objectively reasonable fear of future persecution because the perpetrators never contacted him after their release; although he saw them at a taxi stop, he was able to drive by without incident. Sinchi-Montalvan did not meaningfully challenge these findings regarding past and future persecution before the BIA, and he does not challenge

3

them here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)). These findings are dispositive because both asylum and withholding of removal require either past harm rising to the level of persecution or a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b); *id.* § 1208.16(b)(1), (2); *Y.C. v. Holder*, 741 F.3d 324, 332–33, 335 (2d Cir. 2013). Thus, we decline to consider Sinchi-Montalvan's remaining challenges to the agency's denial of asylum and withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

II.    CAT Relief

We likewise deny the petition as to CAT relief. Contrary to Sinchi-Montalvan's assertion, the agency applied the correct legal standard in denying CAT relief when it found that he failed to show the harm he feared would come from the government or would "occur with the acquiescence or consent of the government." Certified Admin. Rec. ("CAR") at 36. "An alien is entitled to

4

protection under CAT when he or she is more likely than not to be tortured in the proposed country of removal." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (alterations accepted and internal quotation marks omitted); *see also* 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by, or . . . with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id*. § 1208.18(a)(7). Contrary to Sinchi-Montalvan's position here, the unable-or-unwilling standard applies to petitions for asylum and withholding of removal, not those seeking CAT relief. *See Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020) (pointing out that courts have not decided "how the 'unable' prong of the unwilling-or-unable standard, as applicable to [asylum and] withholding claims, might translate to identifying government acquiescence in torture under the CAT").

Finally, substantial evidence supports the denial of CAT relief. According to Sinchi-Montalvan's testimony, the Ecuadorian police promptly responded on the sole occasion when he alerted them that he had been a victim of a crime. And

5

while country conditions evidence describes "[c]orruption, insufficient training, poor supervision, and a lack of resources" impairing the effectiveness of police, CAR at 224, the existence of police corruption generally in Ecuador is insufficient to prove that the government would acquiesce to Sinchi-Montalvan's torture. More specific evidence that officials would acquiesce to the torture of someone in his circumstances is required to make out a claim for CAT relief. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled an acquiescence finding different from that reached by the agency."); *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 158, 160 (2d Cir. 2005) (reiterating that country conditions evidence reflecting torture is insufficient absent "particularized evidence" that someone in petitioner's circumstances would likely be tortured).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court